FIARDY, Judge.
This is a tort action by plaintiff wife for the recovery of damages in the nature of personal injuries, and she has appealed from judgment dismissing her demands.
The accident which gave rise to this suit occurred when a pickup truck driven by plaintiff’s husband collided with a Chevrolet automobile driven by the defendant, Amos White, at the intersection of South Main Street, a right-of-way thoroughfare, and Williams Street, in the City of Springhill. In addition to White, plaintiff named as defendant the Southern Farm Bureau Casualty Company as the insurer of one Fre-donia Duffey, owner of the car being driven by White.
Plaintiff’s claims rest upon the contentions that the action resulted from the negligence of the defendant, White; alternatively, that White was at least a joint tort feasor with her husband and guilty of neg *67 ligence which contributed, to the accident, and, still further in the alternative, that White failed to exercise the last clear chance of avoiding the collision.
The defendant, White, denied any negligence or contributory negligence and asserted the negligence of plaintiff’s husband as the sole cause of the accident. The defendant insurer, in addition to a general denial of plaintiffs charges against White, pleaded a special defense of noncoverage under the policy.
The determination of this case rests upon the resolution of purely factual issues since there is no ground for reasonable dispute as to the principles of law involved. The district judge rendered a detailed written opinion and concluded:
(1). That the proximate cause of the accident was the negligence of plaintiff’s husband in entering an intersection without ascertaining that he could safely traverse the same ahead of the car driven by White which was approaching the intersection on a right-of-way street.
(2). That White was not guilty of contributory negligence; and
(3). That White attempted to avert the collision by applying his brakes and pulling his car to the right and partially onto the gravel shoulder of the street by reason of which action the doctrine of last clear chance is inapplicable.
We have carefully examined the record and find that we are in complete accord with the analysis of the facts and the conclusions reached by the trial judge.
We think the following extract from the testimony of plaintiff’s husband, elicited on cross examination, is convincing in establishing his gross negligence, which was correctly concluded to be the sole cause of the collision:
“Q. So you just assumed that you could get across that road before this other car would get there?
“A. Yeah.
“Q. And you took that chance and started up, going about twelve (12) miles an hour?
“A. Yeah, he was over three hundred (300) feet from me and I took the chance just to go on across.

“Q. Then it is your testimony while you traveled about twelve (12) to fifteen (15) feet he traveled three hundred (300)?

“A. Yeah.
“Q. That is your testimony?
“A. Yeah.” (Emphasis by the court)
We think the speed at which defendant, White, was driving, as found by the trial judge, was not more than twenty-five miles per hour, and the fact that this rate exceeded the established speed limit within a school zone is immaterial with relation to this case. Obviously, White could not have been driving at a rate of speed necessary to cover 300 feet while Coyle’s vehicle, according to his own testimony, moved only twelve to fifteen feet at a speed of twelve miles per hour. We think Mr. Coyle’s testimony that he took the chance of crossing the intersection in the path of the clearly observed automobile driven by defendant, White, is correct.
In view of the conclusions reached, we find it unnecessary to consider the special defense urged by White’s co-defendant, Southern Farm Bureau Casualty Insurance Company.
The judgment appealed from is affirmed at appellant’s cost.